THE PEOPLE ex rel. J. B. ALEXANDER v. ELIZA H. ALEXANDER.

*Contempt — reference to take testimony as to — when may be ordered.*

Where proceedings are instituted under the statute in relation to criminal contempt (2 R. S., p. 278, § 12), and the party charged has appeared in pursuance of an order to show cause, and filed an affidavit, denying the contempt, and setting forth facts tending to sustain such denial, the court may, if it desire further proof as to the alleged contempt, send the matter to a referee to take testimony, and defer further action until the coming in of his report.

Where such proceedings are commenced by an order to show cause, under the provisions of the Revised Statutes, entitled "Of proceedings as for contempts to enforce civil remedies, and to protect the rights of parties in civil actions" (2 R. S., 534), an order of reference may be made without requiring interrogatories to be first filed.[*]

*Pitt* v. *Davison* (37 N. Y., 240) followed.

APPEAL, by Maria L. Newton, from an order made at Special Term, referring this matter to a referee, to take the evidence produced by the respective parties, upon the question whether Mrs. Newton had or had not been guilty of contempt, in aiding and abetting the violation of certain orders of this court, in relation to the custody of the children of the relator.

*Wheeler H. Peckham*, for the appellant.

———— for the respondent.

Opinion by LAWRENCE, J.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed with costs and disbursements.

[*] Watson v. Fitzsimmons, 5 Duer, 629.